# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF GEORGIA

## ATHENS DIVISION

| | |
|---|---|
| **Bogart, LLC, a Delaware Limited Liability Company,** ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | **Case No.** <u>3:10-cv-39 (CDL)</u> |
| ) | |
| **vs.** ) | |
| ) | |
| ) | **Jury Trial Demanded** |
| ) | |
| **Ashley Furniture Industries, Inc. (d/b/a Ashley Furniture), Ashley Furniture Homestore, and DOES 1 through 10, inclusive,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendants.* | |

## <u>COMPLAINT</u>

**COMES NOW** Plaintiff Bogart, LLC (hereinafter referred to as "Plaintiff"), by and through its counsel, and files this Complaint against Defendants Ashley Furniture Industries, Inc. (d/b/a Ashley Furniture), Ashley Furniture Homestore and Does 1 through 10, inclusive, and shows this Court the following:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendants Ashley Furniture Industries, Inc. (d/b/a Ashley Furniture) and Does 1 through 10, inclusive, under state and federal law for Defendants' unauthorized commercial use of Plaintiff's intellectual property, including but not limited to the name and trademark "Bogart" and the publicity rights of Humphrey Bogart.  As a result of Defendants' unlawful actions, Plaintiff seeks damages, attorneys' fees, costs and preliminary and permanent injunctive relief.

## PARTIES & JURISDICTION

2.    Plaintiff Bogart, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Pasadena, Los Angeles County, California.

3.    Plaintiff is informed and believes that, at all relevant times, Defendant Ashley Furniture Industries, Inc. (hereinafter referred to as "Ashley Furniture") is a Wisconsin corporation that has transacted and continues to transact business within the State of Georgia, the State of California, the State of Washington and in other states throughout the United States.

4.    Plaintiff is informed and believes and based thereon alleges that the Defendant Ashley Furniture Homestore and the fictitiously-named Defendants

sued herein as Does 1 through 10, and each of them, including various other independently owned and operated Ashley Furniture Homestores operating in Georgia (including in Oconee County), California and Washington, as well as in other states and countries, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein which include but are not limited to advertising, marketing, and or selling Ashley Furniture's "Bogart" branding products identified below.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sued the Doe Defendants by such fictitious names.  When the true names and capacities of such fictitiously named defendants have been ascertained, Plaintiff will amend this pleading accordingly.

6.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are in some manner responsible for the acts, omissions and occurrences hereinafter alleged and actually and proximately caused and contributed to the various injuries and damages referred to herein.

7.    The defendants identified in paragraphs 3 through 6, above, shall be referred to collectively as "Defendants."

8.    Whenever reference is made in this Complaint to any act of any Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

9.    Plaintiff is informed and believes that any allegation about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

10.    Plaintiff is informed and believes that at all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency as if acting as an agent of another.

11.    Plaintiff is informed and believes that at all relevant times, each defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331; this Court also has subject matter jurisdiction over the claims

in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338, and various Federal common law principles. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13.    This Court has personal jurisdiction over each and every one of the Defendants, as each and every one of the Defendants has maintained systemic contact with the State of Georgia, has transacted business within the State of Georgia (e.g., advertised, marketed, sold and shipped its products, including but not limited to the infringing products discussed below, to Georgia residents, including but not limited to those in Oconee and Clarke Counties), and/or has committed acts that have caused tortious injury to Plaintiff in this Judicial District pursuant to Georgia's long-arm statute, O.C.G.A. § 9-10-91.

14.    Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. § 1391 (a) and (b).  Since each and every one of the Defendants is subject to personal jurisdiction in this Judicial District, Defendants (specifically including the named Ashley Furniture Homestore located in Oconee County, Georgia) reside in this Judicial District for the purposes of 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

15.    Plaintiff owns all of the intellectual property rights, including but not limited to all trademarks and publicity rights, of and associated with the legendary actor Humphrey Bogart, whose name, image, likeness, identity and celebrity persona have tremendous commercial value.

16.    Prior to Plaintiff's acquiring these rights, the rights were owned by Bogart, Inc.  Plaintiff and its predecessor in interest, Bogart, Inc., have entered into various licensing agreements with third parties for the commercial use of Humphrey Bogart's name, image, likeness, celebrity persona and various associated trademarks.  Bogart, Inc. previously entered into a license agreement with Thomasville Furniture for use of the "Bogart" name and trademark with regard to a line of furniture products.  As a result of the license agreement with Thomasville Furniture, both Plaintiff and Bogart, Inc. have been paid millions of dollars to date in licensing fees for the use of the "Bogart" name and trademark in connection with the Thomasville "Bogart" furniture line.

17.    Plaintiff is informed and believes that at all relevant times Defendant Ashley Furniture has operated as an Internet-based online furniture storefront from its offices in Arcadia, Wisconsin.

18.     Plaintiff is informed and believes that at all relevant times Defendant

Ashley Furniture Industries, Inc. has used and currently uses the name and

trademark "Bogart" in connection with several pieces of furniture marketed,

distributed and sold through its licensed Ashley Furniture Homestores and

independent furniture retailers throughout the United States and internationally,

and through various Internet sites.  The "Bogart" branded furniture that is and has

been advertised, distributed and sold by Defendants includes, but is not limited to

the "*Bogart* LAF Single Reclin Love w/ Half Wedge" (item number 8000048)

and the "*Bogart* Wall Recliner" (item number 8000029) (hereinafter collectively

referred to as Defendants' "'Bogart' Collection").

19.     Defendants advertised their "Bogart" Collection of furniture directly

to customers in Georgia, Washington and California through online websites and

through local "Ashley Furniture Homestores" (one being the named Defendant

Ashley Furniture Homestore located in Oconee County, Georgia) and other

independent retail furniture stores.

20.     Through its furniture business, Defendant Ashley Furniture

advertises, markets, sells and ships pieces of its infringing "Bogart" Collection

throughout the United States, including but not limited to residents within

Georgia, Washington, and California, and internationally.

21.     Defendants have used and continue to use the "Bogart" name, identity, persona and associated trademarks for such commercial purposes without seeking or obtaining Plaintiff's or Bogart, Inc.'s approval and without paying Plaintiff or Bogart, Inc. any compensation for the use, let alone compensation commensurate with the substantial commercial value of such rights.  Plaintiff therefore seeks monetary damages, statutory damages, and punitive damages, and an injunction to permanently stop Defendants from any and all future uses of the "Bogart" publicity rights and trademarks.

## FACTS RELATED TO HUMPHREY BOGART

22.     Humphrey Bogart is regarded as one of the greatest actors of all time by film critics, motion picture trade associations, major media organizations, and the public.  In 1941, Mr. Bogart starred in the classic film *The Maltese Falcon*. In 1942, Mr. Bogart starred in the classic film *Casablanca*, and was nominated for the Academy Award for Best Actor in a Leading Role for his performance.  In 1946, Mr. Bogart starred in the classic film *The Big Sleep*, co-starring Lauren Bacall, whom he married in May 1945.  In 1948, Mr. Bogart starred in the classic film *The Treasure of the Sierra Madre*.  In 1951, Mr. Bogart won the Academy Award for Best Actor in a Leading Role for his starring role in the classic film *The African Queen*, co-starring Katherine Hepburn.  In 1954, Mr. Bogart was

nominated for the Academy Award for Best Actor in a Leading Role for his

starring role in the film *The Caine Mutiny*.

     23.    Humphrey Bogart appeared in more than seventy (70) motion

pictures from 1930 to 1956. Among many others, Mr. Bogart starred in the

following films as of 1941:

> High Sierra (1941)
> The Wagons Roll at Night (1941)
> The Maltese Falcon (1941)
> All Through the Night (1941)
> The Big Shot (1942)
> Across the Pacific (1942)
> Casablanca (1942)
> Action in the North Atlantic (1943)
> Sahara (1943)
> Passage to Marseille (1944)
> To Have and Have Not (1944)
> Conflict (1945)
> The Big Sleep (1946)
> Dead Reckoning (1947)
> The Two Mrs. Carrolls (1947)
> Dark Passage (1947)
> The Treasure of the Sierra Madre (1948)
> Key Largo (1948)
> Knock on Any Door (1949)
> Tokyo Joe (1949)
> Chain Lightning (1950)
> In a Lonely Place (1950)
> The Enforcer (1951)
> Sirocco (1951)
> The African Queen (1951)
> Deadline - U.S.A. (1952)
> Road to Bali (1952)
> Battle Circus (1953)

> Beat the Devil (1953)
> The Caine Mutiny (1954)
> Sabrina (1954)
> The Barefoot Contessa (1954)
> We're No Angels (1955)
> The Left Hand of God (1955)
> The Desperate Hours (1955)
> The Harder They Fall (1956)

24.     Among many other honors, Humphrey Bogart received a Star on the "Hollywood Walk of Fame" located at 6322 Hollywood Boulevard, and his hand and foot prints are immortalized in the forecourt at Grauman's Chinese Theater in Hollywood.

25.     The American Film Institute ("AFI") periodically surveys 1,800 leaders throughout the film industry to determine their collective opinion regarding the greatest acting legends of all time, and also the greatest motion pictures of all time.  According to its latest survey, Humphrey Bogart ranks **Number One** on the AFI list of the All-Time Greatest Male Acting Legends, ahead of such film legends as Cary Grant, Jimmy Stewart, Fred Astaire, Marlon Brando, John Wayne and Clark Gable. Four of the films in which Mr. Bogart starred rank within AFI's Top 100 of all-time greatest motion pictures, including:

> #3: *Casablanca*
> #31: *The Maltese Falcon*
> #30: *Treasure of the Sierra Madre*
> #65: *The African Queen*

26.    According to AFI, Mr. Bogart has delivered seven of the Top 100 Movie Quotes of all time:

#5:   "Here's looking at you kid." (*Casablanca*)
#14: "The stuff dreams are made of." (*The Maltese Falcon*)
#20: "Louis, I think this is the beginning of a beautiful friendship."
     (*Casablanca*)
#28: "Play it, Sam. Play 'As Time Goes By.'" (*Casablanca*)
#32: "Round up the usual suspects." (*Casablanca*)
#43: "We'll always have Paris." (*Casablanca*)
#67: "Of all the gin joints in all the towns in all the world, she walks into
     mine." (*Casablanca*)

27.    Plaintiff is the successor-in-interest of all intellectual property rights and assets associated with Humphrey Bogart, including without limitation all publicity rights (i.e., name, image, likeness, voice, signature and celebrity persona) and the "Bogart" and "Humphrey Bogart" trademarks (sometimes collectively herein, the "Bogart IP Rights").  Plaintiff acquired the Bogart IP Rights in February 2009 from Bogart, Inc, pursuant to an assignment agreement. (Bogart, Inc. previously acquired the Bogart IP Rights in February 1988 from Humphrey Bogart's children, Stephen H. Bogart and Leslie Bogart, respectively, pursuant to assignment agreements.)

28.    Since at least 2002, Plaintiff and its predecessors in interest, Bogart, Inc. have owned and used the trademark "BOGART" registered with the United States Patent and Trademark Office ("USPTO") in International Class 20

(furniture).

29.    Plaintiff and its predecessors in interest have consistently used the name and trademark "BOGART" in commerce in connection, among many other things, with the advertising, marketing, promotion and sale of furniture products since at least 2002 pursuant to a license between Bogart, Inc. and Thomasville.

30.    The name, identity and persona of Humphrey Bogart, and the related trademark "BOGART," are recognized instantly by the public and have substantial commercial value.

31.    Plaintiff and its predecessors in interest have exercised careful consideration before permitting the commercial use of the Bogart IP Rights to ensure that they are associated with high quality products, entertainment, services and/or companies and to ensure that the value of the name, mark and publicity rights are not diminished by association with products, entertainment, services and/or companies that Plaintiff and its predecessors in interest do not desire to support, and/or by over-saturation of the name, mark and publicity rights. Plaintiff would not and did not voluntarily allow the "Bogart" name and mark or publicity rights of Humphrey Bogart to be used for commercial purposes unless Plaintiff had carefully selected the product or service and unless the compensation paid for such use was both commensurate with the value of the

exploitation of the name, mark and publicity rights, and sufficient to compensate Plaintiff for any potential diminution in value resulting from the commercial use of the name, mark and publicity rights.

32.    Plaintiff and its predecessors in interest have, on limited occasions, agreed to license certain of the Bogart IP Rights for commercial purposes, but only after careful evaluation of the product or service that would be advertised, and only when the monetary compensation and other benefits were sufficient payment for the rights being exploited, and only when the use fits within an overall publicity strategy for the commercialization of Humphrey Bogart's name, image, identity, persona and legacy.

33.    Among other commercial uses, Bogart, Inc. previously licensed the "Bogart" name and trademark in conjunction with a line of furniture products manufactured and distributed by Thomasville, for which Plaintiff and Bogart, Inc. have been paid millions of dollars in licensing fees.  Moreover, Thomasville "Bogart" branded furniture line is still in the marketplace today.

## FACTS RELATED TO DEFENDANTS

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally and prominently used the name, identity and persona of Humphrey Bogart and the mark "Bogart" in advertisements, marketing and

promotional materials (collectively, "Advertisements") on and through its Internet sites, www.ashleyfurniture.com and www.ashleyfurniturehomestore.com, for Defendants' "Bogart" Collection of furniture.  The Advertisements consistently and repeatedly used the name and mark "Bogart" in connection with the marketing, promotion and sale of the various items of "Bogart" furniture.  Defendants used the "Bogart" name for the purpose of attracting attention to the Advertisements and enhancing the advertising, marketing, promotion and sale of Defendants' "Bogart" line of furniture.

35.    At no time did Plaintiff (or its predecessors in interest) ever give permission to Defendants to use the name and trademark "Bogart" or the identity or persona of Humphrey Bogart for the marketing and sale of a line of furniture products, or for use in the Advertisements, or any other purpose, nor has Plaintiff (or its predecessors in interest) received any compensation from Defendants for such unauthorized commercial use of the Humphrey Bogart publicity rights and associated trademarks.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally, negligently and/or knowingly used the Humphrey Bogart name, identity, persona and associated "Bogart" trademark in the

Advertisements and in connection with the marketing and sale of Defendants'
"Bogart" line of furniture.

37.     Humphrey Bogart, and his successors in interest including Bogart,
Inc. and Plaintiff, developed and cultivated the name, identity, persona and
trademarks of Humphrey Bogart to create celebrity and universal recognition.
Defendants have, without any right, title or authorization, misappropriated
Plaintiff's valuable Bogart IP Rights and the resulting success and popularity of
Humphrey Bogart by unlawfully using his name, identity, persona and trademark
for the aforesaid commercial purposes.

38.     Defendants' use of the "Bogart" name and mark within their
"Bogart" Collection of furniture was meant to refer to Humphrey Bogart.

39.     Plaintiff's remedy at law is inadequate to prevent further violations
of its rights.

### FIRST CAUSE OF ACTION
**(Misappropriation of Right of Publicity under Georgia Law)**

40.     Plaintiff realleges and incorporates by this reference each and every
allegation set forth in this Complaint as if set forth verbatim herein.

41.     As a result of Defendants' use of Humphrey Bogart's name (i.e.,
"Bogart") and celebrity identity without Plaintiff's consent within the State of
Georgia for the purpose of Defendants' commercial and/or financial advantage,

Plaintiff has suffered injury.

42.    The conduct of Defendants, as alleged hereinabove, within and directed at the State of Georgia constitutes a violation of Georgia law regarding publicity rights due to Defendants' knowing and unauthorized commercial use of Humphrey Bogart's name, identity and persona, which have substantial commercial value.

43.    Consequently, Plaintiff has suffered damages and is entitled to recover actual and compensatory damages suffered, as well as a disgorgement of Defendants' profits gained as a result of their unlawful use of the Bogart IP Rights.

44.    As a direct and proximate result of the aforesaid wrongful acts of Defendants in and with regard to Georgia, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs.  Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection with this action as a result of Defendants' bad faith.  O.C.G.A. § 13-6-11.

45.    Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants for their intentional, illegal conduct and deter the same or similar conduct in the future.  O.C.G.A. § 51-12-5.1.

46.    Plaintiff also seeks a preliminary and permanent injunction to

prohibit Defendants from any further commercial use in Georgia of Plaintiff's trademarks and the Humphrey Bogart publicity rights, including Mr. Bogart's name, photograph, likeness, image, voice, sound-alike voice, identity and persona.

## SECOND CAUSE OF ACTION
**(Misappropriation of Right of Publicity – California Civil Code §3344.1)**

47.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

48.    The conduct of Defendants, as alleged hereinabove, within the State of California constitutes a violation of Section 3344.1 of the California Civil Code due to Defendants' knowing and unauthorized commercial use of Humphrey Bogart's name, identity and persona, which have substantial commercial value.

49.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, have acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions

on Plaintiff (and its predecessors in interest) and with willful and deliberate

disregard for the consequences to Plaintiff (and its predecessors in interest).  By

reason thereof, Plaintiff is entitled to recover punitive and exemplary damages

from Defendants in an amount to be determined at the time of trial.

51.    As a direct and proximate result of the aforesaid wrongful acts of

Defendants, Plaintiff has incurred, and will continue to incur, substantial

attorneys' fees and costs. Plaintiff is entitled to an award of its attorneys' fees and

costs incurred in connection with this action pursuant to Section 3344.1 of the

California Civil Code.

52.    Plaintiff also seeks a preliminary and permanent injunction to

prohibit Defendants from any further commercial use in California of Plaintiff's

trademarks and the Humphrey Bogart publicity rights, including Mr. Bogart's

name, photograph, likeness, image, voice, sound-alike voice, identity and

persona.

### THIRD CAUSE OF ACTION
### (Misappropriation of Right of Publicity – Washington RCW § 63.60.010)

53.    Plaintiff realleges and incorporates by this reference each and every

allegation set forth in this Complaint as if set forth verbatim herein.

54.    Plaintiff is the owner of and has a property right in the use of

Humphrey Bogart's name (including the name "Bogart"), voice, signature,

photograph, or likeness under Washington state law, RCW § 63.60.010.

55.    As herein described, Humphrey Bogart's name, voice, signature, photograph, or likeness has commercial value.

56.    Both during his lifetime and thereafter, Humphrey Bogart, Bogart, Inc. and Plaintiff have exercised their respective rights to use and authorize the use of the Humphrey Bogart's name, voice, signature, photograph, or likeness for commercial purposes.

57.    Because of Defendants' advertising, marketing and/or selling their "Bogart" line of furniture in Washington, Defendants have used Humphrey Bogart's name and celebrity persona for a commercial purpose in violation of RCW § 63.60.050 without first having obtained previous written consent from Plaintiff.

58.    Through advertising, marketing, selling and shipping pieces of its "Bogart" Collection of furniture pieces to and within the State of Washington, Defendants have knowingly, intentionally, and willfully engaged in conduct prohibited by RCW § 63.60.010.

59.    Plaintiff's rights have been and will continue to be irreparably harmed by Defendants unless Defendants are preliminarily enjoined from further continued illegal use of the Humphrey Bogart's name and celebrity persona

within the State of Washington.   As such, Plaintiff's remedy at law is inadequate to prevent further violation of its rights.

60.    Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use in Washington of Plaintiff's trademarks and the Humphrey Bogart publicity rights, including Mr. Bogart's name, photograph, likeness, image, voice, sound-alike voice, identity and persona.

61.    As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs.  Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to RCW § 63.60.060(5).

### FOURTH CAUSE OF ACTION
**(Trademark Infringement – False Designation of Origin, 15 U.S.C. §1125(a))**

62.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

63.    The name "Humphrey Bogart" and "Bogart" and associated trademarks have been extensively advertised and promoted throughout the world for over 50 years in connection with Mr. Bogart's entertainment and related services, and as a result of this advertising and promotion, the "Bogart" name and

associated trademarks are recognized throughout worldwide trading areas and channels of trade as a famous and distinctive mark which identifies the source of the entertainment and related services of Humphrey Bogart.  The trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and 1127.

64.    Defendants' use, and continuing use today, in interstate commerce of the name and mark "Bogart" in connection with the marketing and sale of certain models of its furniture products constitutes a violation of 15 U.S.C. §1125(a) in that it creates a false designation of origin as to the goods and services advertised, distributed, offered and provided by Defendants, which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that Defendants' furniture products were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated with, Humphrey Bogart and/or Plaintiff.

65.    Defendants' use, and continuing use, in interstate commerce of the name and mark "Bogart" in connection with the marketing and sale of furniture products also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. §1125(a).

66.    As a direct and proximate result of the conduct of Defendants,

Plaintiff is entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (1) Defendants' profits related to Defendants' furniture products that used the Plaintiff's trademark; (2) any damages sustained by Plaintiff (or its predecessors in interest) as a result of Defendants' conduct, including but not limited to the fair market value of Plaintiff's intellectual property misappropriated by Defendants, the precise amount of which shall be established by Plaintiff at trial; and (3) Plaintiff's costs of suit.

67.    Plaintiff is informed and believes, and based thereon alleges, that since Defendants have committed the acts alleged above with knowledge of Plaintiff's (and its predecessors in interest) prior right to and use of the subject marks; and with the willful intent to trade on Humphrey Bogart's goodwill and reputation, this case is exceptional under 15 U.S.C. §1117(a), entitling Plaintiff to treble damages, and also the recovery of its attorneys' fees.

### FIFTH CAUSE OF ACTION
**(Trademark Infringement – Likelihood of Confusion, 15 U.S.C. §1114)**

68.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

69.    Notwithstanding Plaintiff's exclusive rights in and to the name "Humphrey Bogart," "Bogart" and associated trademarks, Defendants have, without authorization, advertised, marketed, promoted, offered to sell, and sold in

interstate commerce, goods and services using the "Bogart" name and trademark to market and sell furniture products.

70.    Defendants' unauthorized use of the "Bogart" name and associated trademarks is likely to cause, and has caused, confusion, deception and mistake among the consuming public and trade by creating the false impression that the furniture products that Defendants have advertised, marketed, promoted, offered for sale and sold have been approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated with either Humphrey Bogart or Plaintiff (or its predecessors in interest).

71.    By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. §1114. As a result, Plaintiff is entitled pursuant to 15 U.S.C. 1117(a) to the recovery of: (i) Defendants' profits related to the furniture products that use Plaintiff's trademark "Bogart"; (ii) any damages sustained by Plaintiff (and its predecessors in interest) as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (iii) the costs of the action herein.

72.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have committed the acts alleged above: (1) with previous knowledge of Plaintiff's (and its predecessors in interest) prior right to and use of the

"Bogart" trademark; (2) with the willful intent to trade on Mr. Bogart's and

Plaintiff's good will and reputation; and (3) with the willful intent to cause

confusion, mistake or deception. As a result, Plaintiff is entitled, pursuant to 15

U.S.C. §1117(a), to treble damages, and also the recovery of its attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement – Dilution, 15 U.S.C. §1125(c))

73.    Plaintiff realleges and incorporates by this reference each and every

allegation set forth in this Complaint as if set forth verbatim herein.

74.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants' activities were conducted with full recognition of Plaintiff's and its

predecessor in interest's use of the "Bogart" name and trademark in worldwide

trading areas and channels of trade, including without limitation, the approved

and licensed Thomasville "Bogart" line furniture.

75.    Defendants' use of the "Bogart" name and trademark commenced

many years after it became famous, and was after and during the widespread

marketing and sale of the approved and licensed Thomasville "Bogart" line

furniture.

76.    Defendants' activities have and will continue to cause dilution of the

distinctive quality of the "Bogart" and "Humphrey Bogart" trademarks by

lessening and diluting their capacity to identify and distinguish the products and

services associated with Humphrey Bogart, to the damage and harm of Plaintiff, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c)(1).

77.    As a result of Defendants' wrongful acts, Plaintiff is entitled to recover actual and compensatory damages suffered and a disgorgement of Defendants' profits gained as a result of violating Plaintiff's rights.

78.    The activities of Defendants as alleged above have caused and will cause irreparable harm to Plaintiff, for which it has no adequate remedy at law in that: (i) if the wrongful conduct continues, the "Bogart" and "Humphrey Bogart" trademarks risk further dilution; and (ii) Defendants' wrongful conduct, and the damages resulting to Plaintiff, are continuing.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1125(c)(2).

79.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have committed the acts alleged above: (i) with previous knowledge of Plaintiff's (and its predecessors in interest) prior right to and use of the "Bogart" and "Humphrey Bogart" trademarks; (ii) with the willful intent to trade on Mr. Bogart's and Plaintiff's good will and reputation; and (iii) with the willful intent to cause confusion, mistake, deception and/or dilution. As a result, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to treble damages, and also the

recovery of its attorneys' fees, in addition to all other allowable damages that will be proved at trial.

## SEVENTH CAUSE OF ACTION
### (Violation of Georgia's Uniform Deceptive Trade Practices Act O.C.G.A. § 10-1-370, *et seq.*)

80.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

81.    Through Defendants' unauthorized use of Plaintiff's trademark and name and celebrity identity of Humphrey Bogart and other intellectual property within Georgia, Defendants have caused the likelihood of confusion or of misunderstanding as to Defendants' affiliation, connection, or association with Humphrey Bogart and/or Plaintiff.

82.    As a result of Defendants' actions in violation of O.C.G.A. § 10-1-370, et seq., Plaintiff has suffered damages and will continue to do so until such conduct is permanently stopped.  As such, Plaintiff is entitled to injunctive relief.

83.    As a result of Defendants' wrongful acts, Plaintiff is entitled to recover actual and compensatory damages suffered and a disgorgement of Defendants' profits gained as a result of violating Plaintiff's rights.

84.    Plaintiff is entitled to an award of the expenses of litigation against Defendants, including reasonable attorneys' fees, as a result of Defendants'

unauthorized and intentional actions and bad faith. O.C.G.A. §§ 10-1-373 & 13-6- 11.

85.    Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants and deter the same or similar conduct in the future. O.C.G.A. § 51-12-5.1.

## EIGHTH CAUSE OF ACTION
### (Violation of Georgia's Law Against Unfair Competition - O.C.G.A. § 23-2-55)

86.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if stated verbatim herein.

87.    Defendants have attempted to encroach upon the business of Plaintiff by the use of Plaintiff's trademarks, names, or devices, within the State of Georgia with the intention of deceiving and misleading the public and pass off Defendants' goods as those affiliated with or endorsed by Humphrey Bogart and/or Plaintiff.

88.    Defendants have misappropriated Plaintiff's intellectual property without paying the license fees customarily paid by licensees rightfully entitled to use Mr. Bogart's name, voice, likeness, image and/or celebrity identity to enhance their business ventures.

89.    By failing to pay those fees, Defendant derives an unfair competitive

advantage. As such, Defendants' actions are in violation of O.C.G.A. § 23-2-55. As a result of Defendants' wrongful acts, Plaintiff is entitled to injunctive relief, to recover actual and compensatory damages suffered and a disgorgement of Defendants' profits gained as a result of violating Plaintiff's rights.

90.    Plaintiff is entitled to an award of the expenses of litigation against Defendants, including reasonable attorneys' fees, as a result of Defendants' unauthorized and intentional actions and bad faith. O.C.G.A. § 13-6-11.

91.    Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants and deter the same or similar conduct in the future. O.C.G.A. § 51-12-5.1.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)

92.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if stated verbatim herein.

93.    As a result of the wrongful acts of Defendants, they each have been unjustly enriched and benefitted. Such unjust enrichment and benefits received include, but are not limited to: (i) the value of the commercial use by Defendants of the Bogart name, identity, persona, and Plaintiff's associated trademarks; and (ii) the amount of Defendants' revenues and profits attributable to the use of the Bogart name, identity, persona and associated trademarks, as alleged herein.

94.    Defendants, and each of them, are under an obligation to pay Plaintiff the entire amount by which they have been unjustly enriched, and Plaintiff is entitled to the imposition of a constructive trust, such that Defendants, and each of them, are involuntary trustees holding all such sums in their possession for the benefit of Plaintiff with a duty to transfer the same to Plaintiff forthwith.

## TENTH CAUSE OF ACTION
### (Quantum Meruit)

95.    Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

96.    Defendants' (both individually and collectively) misappropriated and used Plaintiff's Bogart IP rights, including the "Bogart" name and mark and celebrity identity of Humphrey Bogart without permission for the commercial purpose of promoting, marketing, advertising, and selling Defendants' "Bogart" branded products.

97.    Plaintiff regularly receives payment for the commercial use of the "Bogart" name and mark and the celebrity identity of Humphrey Bogart.

98.    At no time relevant to this action did Defendants pay Plaintiff for their use of the "Bogart" name and trademark or the celebrity identity of Humphrey Bogart within Defendants' "Bogart" furniture line.

99.    Had Defendants sought Plaintiff's permission for the "Bogart" name and trademark or the celebrity identity of Humphrey Bogart within Defendants' "Bogart" furniture line, Plaintiff would have denied the same and would not have permitted such use.  In the event Plaintiff had authorized such uses, Plaintiff would have expected to be paid for such use.

100.    Plaintiff is entitled to the reasonable value of Defendants' respective unauthorized uses of his of name, image, likeness and celebrity identity. The value of said benefit will be proven at trial, but in no event less than one million dollars ($1,000,000.00).

## JURY DEMAND

101.    Plaintiff hereby requests that these matters be tried by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered in Plaintiff's favor and against each Defendant, jointly and severally, as follows:

A.    For entry of a temporary, preliminary and permanent injunction prohibiting Defendants and those in active concert or participation with Defendants from making any commercial use of the "Bogart" name and mark or the Humphrey Bogart publicity rights (including but not limited to Mr. Bogart's

name, image, signature, voice, likeness, celebrity identity or persona) without Plaintiff's express written permission;

B.      For a judicial determination finding for Plaintiff and against all Defendants, jointly and severally, on all causes of action;

C.      For an award in Plaintiff's favor of compensatory, general and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

D.      For an award of treble damages;

E.      For an award of costs and attorneys' fees related to this action;

F.      For an award of exemplary and punitive damages in an amount according to proof at trial;

G.      An award of the revenues and profits received by Defendants as a result of the unauthorized use of the "Bogart" name and associated trademarks and the Humphrey Bogart publicity rights;

H.      On Plaintiff's claims in equity, for the imposition of a constructive trust on all monies and sums received by Defendants as a result of their infringement of the Bogart name, trademark and publicity rights, with interest thereon at the legal rate; and

I.      For such other further relief as this Court may deem just and proper.

Respectfully submitted this 10th day of June 2010.


<u>s/ Michael O. Crain</u>
Michel O. Crain
Ga. Bar # 193079
Crain Law Group, LLC
297 Prince Avenue
Suite 24
Athens, GA  30601
Tel (706) 548-0970
Fax (706) 369-8869
E-mail:  mocrain@crainlawgroup.com