**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| BOGART, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:10-CV-39 (CDL) |
| ASHLEY FURNITURE INDUSTRIES, INC. (D/B/A ASHLEY FURNITURE), ASHLEY FURNITURE HOMESTORE, AND DOES 1 THROUGH 10, INCLUSIVE, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ASHLEY FURNITURE INDUSTRIES, INC. AND ASHLEY**
**FURNITURE HOMESTORE'S ANSWER**

Defendants Ashley Furniture Industries, Inc. (d/b/a Ashley Furniture) and Ashley Furniture Homestore (herein collectively as "Defendants"), through counsel, hereby respond to the allegations in Plaintiff Bogart, LLC's Complaint as follows:

1

## NATURE OF THE ACTION

1.      Defendants admit that Plaintiff purports to bring an action involving intellectual property against Defendants.  Except as herein admitted, the allegations contained in paragraph 1 are denied.

## PARTIES AND JURISDICTION

2.      Upon information and belief, the allegations contained in paragraph 2 are admitted.

3.      It is admitted that Ashley Furniture Industries, Inc. is a Wisconsin corporation that transacts business in the State of Georgia.  Except as herein admitted, the allegations contained in paragraph 3 are denied.

4.      It is admitted that there are a number of independently owned and operated Ashley Homestores throughout the United States.  Except as herein admitted, the allegations contained in paragraph 4 are denied.

5.      To the extent there are any allegations contained in paragraph 5 that require a response from Defendants, those allegations are denied.

6.      To the extent there are any allegations contained in paragraph 6 that require a response from Defendants, those allegations are denied.

7.      To the extent there are any allegations contained in paragraph 7 that require a response from Defendants, those allegations are denied.

2

8.      To the extent there are any allegations contained in paragraph 8 that require a response from Defendants, those allegations are denied.

9.      To the extent there are any allegations contained in paragraph 9 that require a response from Defendants, those allegations are denied.

10.     Denied.

11.     Denied.

12.     Upon information and belief, it is admitted that this Court has subject matter jurisdiction over this action.

13.     It is admitted that this Court has personal jurisdiction over Defendants Ashley Furniture Industries, Inc. and Ashley Furniture Homestore.   Except as herein admitted, the allegations contained in paragraph 13 are denied.

14.     It is admitted that venue is proper before this Court.  Except as herein admitted, the allegations contained in paragraph 14 are denied.

## **GENERAL ALLEGATIONS**

15.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15, and consequently, the allegations contained in paragraph 15 are denied.

16.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16, and consequently, the allegations contained in paragraph 16 are denied.

17.    It is admitted that Defendant Ashley Furniture Industries, Inc. operates a website.    Except as herein admitted, the allegations contained in paragraph 17 are denied.

18.    It is admitted that the term "Bogart" was used in connection with three items of furniture offered for sale by Ashley Furniture Industries, Inc.    It is expressly denied that Defendants needed Plaintiff's permission to use "Bogart" or that any confusion or association between Defendants' use of Bogart and Plaintiff or the actor Humphrey Bogart occurred.    Except as herein admitted, the allegations contained in paragraph 18 are denied.

19.    Denied.

20.    It is admitted that Defendant Ashley Furniture Industries, Inc. has sold various collections of furniture throughout the United States.    Except as herein admitted, the allegations contained in paragraph 20 are denied.

21.    Denied.

## FACTS RELATED TO HUMPHREY BOGART

22.    To the extent there are any allegations contained in paragraph 22 relevant to this action and requiring a response by Defendants, those allegations are denied.

23.    To the extent there are any allegations contained in paragraph 23 relevant to this action and requiring a response by Defendants, those allegations are denied.

24.    To the extent there are any allegations contained in paragraph 24 relevant to this action and requiring a response by Defendants, those allegations are denied.

25.    To the extent there are any allegations contained in paragraph 25 relevant to this action and requiring a response by Defendants, those allegations are denied.

26.    To the extent there are any allegations contained in paragraph 26 relevant to this action and requiring a response by Defendants, those allegations are denied.

27.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 27, and consequently, the allegations contained in paragraph 27 are denied.

28.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 28, and consequently, the allegations contained in paragraph 28 are denied.

29.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 29, and consequently, the allegations contained in paragraph 29 are denied.

30.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 30, and consequently, the allegations contained in paragraph 30 are denied.

31.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 31, and consequently, the allegations contained in paragraph 31 are denied.

32.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 32, and consequently, the allegations contained in paragraph 32 are denied.

33.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 33, and consequently, the allegations contained in paragraph 33 are denied.

## FACTS RELATED TO DEFENDANTS

34.    Denied.

35.    It is admitted that Plaintiff did not expressly give Defendants permission to use the term "Bogart," and Defendants have not made any payments to Plaintiff.  It is expressly denied that Defendants needed Plaintiff's permission to use "Bogart" or that any confusion or association between Defendants' use of Bogart and Plaintiff or the actor Humphrey Bogart occurred.  Except as herein admitted, the allegations contained in paragraph 35 are denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

## FIRST CAUSE OF ACTION
### (Misappropriation of Right of Publicity under Georgia Law)

40.    Defendants reallege and incorporate by reference their responses to the allegations in paragraphs 1 through 39 as if set forth fully herein.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.   Denied.

46.   Denied.

## SECOND CAUSE OF ACTION
### (Misappropriation of Right of Publicity - California Civil Code § 3344.1)

47.   Defendants reallege and incorporate by reference their responses to the allegations contained in paragraphs 1 through 46 as if set forth fully herein.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

## THIRD CAUSE OF ACTION
### (Misappropriation of Right of Publicity - Washington RCW
### Section 63.60.010)

53.   Defendants reallege and incorporate by reference their responses to the allegations in paragraphs 1-52 as if set forth fully herein.

54.   Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 54, and consequently, the allegations contained in paragraph 54 are denied.

55.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 55, and consequently, the allegations contained in paragraph 55 are denied.

56.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 56, and consequently, the allegations contained in paragraph 56 are denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## FOURTH CAUSE OF ACTION
**(Trademark Infringement – False Designation of Origin, 15 U.S.C. § 1125(a))**

62.     Defendants reallege and incorporate by reference their responses to the allegations set forth in paragraphs 1-61 as if set forth fully herein.

63.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 63, and consequently, the allegations contained in paragraph 63 are denied.

64.     Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement – Likelihood of Confusion)

68.    Defendants reallege and incorporate by reference their responses to paragraphs 1-67 as if set forth fully herein.

69.    It is admitted that Defendants have used the term "Bogart" in connection with three items of furniture.  It is expressly denied that Defendants needed Plaintiff's permission to use "Bogart" or that any confusion or association between Defendants' use of Bogart and Plaintiff or the actor Humphrey Bogart occurred.  Except as herein admitted, the allegations contained in paragraph 69 are denied.

70.    Denied.

71.    Denied.

72.    Denied.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement – Dilution, 15 U.S.C. § 1125(c))

73.    Defendants reallege and incorporate by reference their responses to paragraphs 1-72 as if set forth fully herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

## SEVENTH CAUSE OF ACTION
### (Violation of Georgia's Uniform Deceptive Trade Practices Act -- O.C.G.A. § 10-1-370, *et. seq.*)

80.    Defendants reallege and incorporate by reference their responses to paragraphs 1-79 as if set forth fully herein.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

## EIGHTH CAUSE OF ACTION
### (Violation of Georgia's Law against Unfair Competition – O.C.G.A. § 23-2-55)

86.    Defendants reallege and incorporate by reference their response to paragraphs 1-85 as if set forth fully herein.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)

92.    Defendants reallege and incorporate by reference their responses to paragraphs 1-91 as if set forth fully herein.

93.    Denied.

94.    Denied.

## TENTH CAUSE OF ACTION
### (Quantum Meruit)

95.    Defendants reallege and incorporate by reference their responses to paragraphs 1-94 as if set forth fully herein.

96.    Denied.

97.    Defendants are without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 97, and consequently, the allegations contained in paragraph 97 are denied.

98.   It is admitted that Defendants have not made any payments to Plaintiff.  Except as herein admitted, the allegations contained in paragraph 98 are denied.

99.   Defendants are without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 99, and consequently, the allegations contained in paragraph 99 are denied.

100.   Denied.

## JURY DEMAND

101.   It is admitted that Plaintiff seeks a jury trial in this action.  It is further admitted that Defendants seek a jury trial on all issues so triable.  Except as herein admitted, the allegations contained in paragraph 101 are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted with respect to one or more of its causes of action, and consequently, Plaintiff's complaint is subject to dismissal, in whole or in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

There is no likelihood of confusion between Plaintiff and Defendants or between Plaintiff's purported trademarks and Defendants' alleged use of "Bogart". Furthermore, there is no actual or likelihood of confusion among consumers arising from Defendants' alleged use of "Bogart."

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff does not own exclusive rights in the term or surname "Bogart" and does not have the right to exclude others from using the term or surname "Bogart" in connection with furniture.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is estopped from pursuing its claims, in whole or in part, based on the applicable statute of limitations and the doctrines of laches, acquiescence, and equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is not entitled to any trademark rights in the BOGART mark, and Plaintiff's purported trademarks are invalid and unenforceable.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the term or surname "Bogart" is in wide use throughout the United States by third parties unrelated to Plaintiff and has become generic.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trademarks are invalid, unenforceable, and are not infringed.

## DEFENDANTS' COUNTERCLAIMS

For their counterclaims against Plaintiff, Defendants allege the following:

## FACTUAL BACKGROUND

1.     Plaintiff and Defendants are subject to the personal jurisdiction of this Court, and this Court is a proper venue for Defendants' counterclaims.

2.     This Court possesses subject matter jurisdiction over Defendants' counterclaims.

3.     There is no likelihood of confusion between Plaintiff's purported trademarks and Defendants' alleged use of "Bogart."

4.     Upon information and belief, no actual confusion has resulted among the consuming public as a result of Defendants' alleged use of "Bogart."

5.      Plaintiff filed a trademark application for the mark, BOGART, in April of 2010.

6.      Plaintiff's trademark application was initially rejected by the trademark office due to the fact that BOGART is a surname.

7.      Plaintiff's purported BOGART mark is generic, is not famous, and is not properly the subject of trademark protection.  Upon information and belief, numerous third parties that are unrelated to Plaintiff are currently using Bogart to identify their goods and service.

8.      Plaintiff's purported BOGART mark lacks secondary meaning and is not properly the subject of a registered trademark.

9.      Upon information and belief, neither Plaintiff nor any licensee of Plaintiff is currently using the purported BOGART mark, and neither Plaintiff nor any licensee was using this mark at the time Plaintiff filed its application to register BOGART as a trademark with the United States Patent and Trademark Office.

10.     Upon information and belief, Plaintiff's aforementioned actions constitute fraud on the United States Patent and Trademark office.

11.     To the extent any rights of publicity exist and/or are owned by Plaintiff, Defendants have neither used nor misappropriated any such rights of publicity.

12.    Defendants are entitled to a judicial declaration declaring that their activities are proper, are not violating any rights of Plaintiff, that Plaintiff does not have any protectable rights in "Bogart," that the purported BOGART mark is generic, unenforceable, invalid and/or not infringed by Defendants, and Defendants have not misappropriated any rights of publicity of Plaintiff.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-infringement, Invalidity, and/or Unenforceability)**

13.    Defendants repeat and specifically incorporate by reference the allegations contained in paragraphs 1-12 of its counterclaims above.

14.    Defendants have not infringed or diluted any alleged rights of Plaintiff in any common law or registered trademark, and Defendants have not misappropriated any rights of publicity allegedly owned by Plaintiff.

15.    Due to the instant lawsuit by Plaintiff, there is an actual, justiciable and continuing controversy between the parties concerning alleged infringement and dilution of trademarks purported owned by Plaintiff, as well as alleged misappropriation of rights of publicity.

16.    To resolve this controversy, Defendants are entitled to a judicial declaration holding that they have not infringed Plaintiff's alleged marks, that Defendants' activities have not resulted in dilution of Plaintiff's alleged marks, that

17

Defendants have not engaged in any activity amounting to false designation of origin, and that Defendants have not misappropriated any rights of publicity.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this court grant the following relief:

1. An order that Plaintiff shall have nothing by virtue of its complaint and that Plaintiff's claims are dismissed with prejudice;

2. A judgment that Defendants have not infringed Plaintiff's purported trademarks or rights of publicity;

3. A judgment that Plaintiff's purported trademarks and rights of publicity are invalid and are unenforceable as a matter of the law;

4. That Defendants have not injured Plaintiff in any way or manner;

5. An award of Defendants' attorneys' fees and costs in this action;

6. A jury trial on all issues that are triable; and

7. Such other and further relief as the court deems just and proper.

Respectfully submitted this 7th day of September, 2010.

FILED BY:                         /s/ Matthew L. Jamison
                                  Matthew L. Jamison, Esq.
                                  Ga. Bar No. 142525
                                  WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                                  271 17th Street NW
                                  Suite 2400
                                  Atlanta, GA 30363
                                  Telephone:  404-879-2451
                                  Facsimile:  404-870-2413
                                  mjamison@wcsr.com

                                  Robert D. Mason, Jr., Esq.
                                  Admission *pro hac vice* pending
                                  WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                                  One West Fourth Street
                                  Winston-Salem, NC 27101
                                  Telephone:  336-721-3761
                                  Facsimile:  336-726-9093
                                  rmason@wcsr.com

                                  *Attorneys for Defendants Ashley Furniture*
                                  *Industries, Inc. (d/b/a Ashley Furniture) and*
                                  *Ashley Furniture Homestore*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| BOGART, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:10-CV-39 (CDL) |
| ASHLEY FURNITURE INDUSTRIES, INC. (D/B/A ASHLEY FURNITURE), ASHLEY FURNITURE HOMESTORE, AND DOES 1 THROUGH 10, INCLUSIVE, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE

The Undersigned counsel herby certifies that a true and correct copy of the foregoing DEFENDANTS ASHLEY FURNITURE INDUSTRIES, INC. AND ASHLEY FURNITURE HOMESTORE'S ANSWER AND COUNTERCLAIMS was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record in this case.

1

This 7th day of September, 2010.

/s/  Matthew L. Jamison
Matthew L. Jamison
Georgia Bar No. 142525

2